In the Matter of SCREENS UNLIMITED, INC., Debtor.

Lawrence S. KLEINFELD, Plaintiff,

v.

Stephen REIDS, William E. Crown, Jr., and Carl O. Dunbar, Jr., Defendants.

Bankruptcy No. 80–1577.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Feb. 17, 1981.

Lawrence S. Kleinfeld, St. Petersburg, Fla., for plaintiff.

Carl O. Dunbar, Jr., Dunedin, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an adversary proceeding commenced by Lawrence S. Kleinfeld (the Trustee) against Stephen Reids, William E. Crown, Jr., and Carl O. Dunbar, Jr. The complaint seeks leave to sell certain properties of the estate free and clear of liens of the Defendants and also seeks a declaration that any lien claim on subject property by the Defendants is invalid and unenforceable against the Trustee by virtue of § 544 of the Bankruptcy Code because, according to the Trustee, none of the Defendants perfected a lien on the subject property as required by Fla.Stat. § 679.301(1)(b) (1979).

The Plaintiff's Motion is based on the cold record consisting of a complaint and

answer filed by the Defendants who denied in their answer all material allegations of the complaint. The Defendant, Stephen Reids, filed an affidavit in support of his Motion on the date of the hearing and not within the time required by Bankruptcy Rule 756 which adopts Fed.R.Civ.P., 56, that is, at least one day prior to the date of the hearing.

At the hearing, the Trustee stated that inasmuch as he was assured by opposing counsel that Mr. Reids does not have a Financing Statement recorded in the Office of the Secretary of State, and since his own inquiry from that Office revealed that there is no Financing Statement on record naming Screens as Debtor it would not be necessary to obtain documentation from the Office of the Secretary of State. At the outset, the Defendants, William E. Crown, Jr., and Carl O. Dunbar, Jr., conceded that they do not claim any interest in the subject property. This leaves for consideration solely the validity and enforceability of the lien claim of Stephen Reids.

The Affidavit submitted in support of the Motion filed by the Defendant, Reids, includes as an exhibit, a copy of a Security Agreement executed by Screens on January 12, 1978, in favor of the Barnett Bank of Clearwater (the Bank) (Exhibit A), and a Financing Statement unsigned and without showing a filing stamp by the Office of the Secretary of State naming Screens as the Debtor, and the Bank as the secured party (Exhibit B). It is further without dispute, and is conceded, that View-All Aluminum Products, Inc., (View-All) purchased all of the outstanding stock in the Debtor corporation and executed a promissory note in favor of Mr. Reids in the principal sum of $74,285.72 (Exhibit C); that also, as part of this transaction, Reids executed a subordination agreement and an assignment whereby he agreed to subordinate his claim against Screens to the claim of the Bank. This subordination agreement executed in consideration of the Bank's willingness to extend the maturity date of the note of Screens.

It is without dispute that the obligation owed by Screens to the Bank was paid in full and on the date this liquidating proceeding commenced, there was no longer any indebtedness outstanding to the Bank. While it is intimated by counsel for Reids that Screens did, in fact, execute a promissory note in favor of Reids acknowledging an indebtedness, it appears that Screens never executed a security agreement in favor of Reids pledging its properties as collateral for any alleged indebtedness owed by Screens to Reids.

It is the contention of Reids that by virtue of the subordination agreement, it acquired the security interest of the Bank, and therefore, the fact that there is no Security Agreement or Financing Statement between him and Screens is immaterial and without consequence.

Having considered the respective contentions of the parties together with the relevant portions of the record including the affidavit submitted by Mr. Reids and statement of counsel for the remaining Defendants, this Court is satisfied that there are no genuine issues of material fact and the Trustee is entitled to a judgment as a matter of law against all of the Defendants for the following reasons:

As noted earlier, the Defendants, William E. Crown, Jr., and Carl O. Dunbar, Jr., no longer make any claim to the subject property and, therefore, it is proper to enter a judgment against them determining that they have no cognizable lien interest or any other type of interest in the subject property. This leaves for consideration the lien claim of Mr. Reids. Since it is now admitted by Mr. Reids that there was never a Security Agreement executed by Screens as Debtor in favor of Mr. Reids creating a security interest in favor of Mr. Reids in the assets of Screens, and there is no Financing Statement on record in the Office of the Secretary of State, naming Mr. Reids as a secured party, and Screens as a Debtor, it is clear that Mr. Reids never acquired a security interest in the assets of Screens, let alone a perfected security interest.

Even assuming, but not admitting, that by virtue of the subordination agreement described earlier, Mr. Reids somehow acquired the position of the Bank and succeeded to the interest of the Bank, it is clear that because the obligation owed to the Bank by Screens was fully satisfied, there remained no debt which could support the claimed security interest.

From all of this, it follows that even if Mr. Reids derived some rights from the subordination agreement, and the alleged assignment from the Bank, he could not obtain a greater right than his predecessor in interest had, i. e. the Bank, whose interest was fully extinguished and terminated when the obligation was paid, thus, Mr. Reids did not acquire as a matter of law any rights under the original security agreement in the financing statement executed by Screens Unlimited in favor of the Bank.

This being the case, since there are no genuine issues of material fact and Mr. Reids has no enforceable interest in the subject property, the Trustee is entitled to a judgment as a matter of law.

A separate final summary judgment will be entered in accordance with the foregoing.